UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANGE INSURANCE COMPANY OF
MICHIGAN,

              Plaintiff,                       Case Number 13-11822
                                              Honorable David M. Lawson

v.

ANTRICE PARRISH, EDWARD BURTON-
SCOTT, AFFILIATED DIAGNOSTIC OF
OAKLAND, LLC, AUTO RX, LLC, CLEAR
IMAGING, LLC, and SUMMIT MEDICAL
GROUP, PLLC,

              Defendants,

and

CLEAR IMAGING, LLC,

       Counter-claimant,

v.

GRANGE INSURANCE COMPANY OF
MICHIGAN,

       Counter-defendant,

and

EDWARD BURTON-SCOTT,

       Counter-claimant,

v.

GRANGE INSURANCE COMPANY OF
MICHIGAN,

       Counter-defendant.

_____/

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

2:13-cv-11822-DML-MAR   Doc # 159   Filed 06/10/14   Pg 2 of 11   Pg ID 979

On April 23, 2013, the plaintiff filed a complaint in this Court, and on October 1, 2013, the plaintiff filed an amended complaint. The amended complaint alleges that defendant Edward Burton-Scott "requested [that] Grange provide certain personal injury protection benefits to [him] as a result of the injuries [he] allegedly suffered in [an] automobile accident of July 8, 2012, . . . including medical benefits, attendant care benefits, wage benefits, and household services," Am. Compl. ¶ 21, but that the requested amounts were not covered under the policy. On October 17, 2013, Burton-Scott (at that time represented by counsel) filed an answer and a counter-complaint seeking a judgment declaring that his claims relating to the accident were covered under the policy and must be paid by the plaintiff.

The matter is now before the Court on the plaintiff's motion for summary judgment, in which the plaintiff asks that the Court enter judgment in its favor on its own claims and on defendant Burton-Scott's counter-claim. The plaintiff does not seek any award of money damages and asks only that the Court declare that it has no obligation under the policy to pay any claims submitted by Mr. Burton-Scott in connection with the July 8, 2012 accident. No party has filed any response to the plaintiff's motion, and the time for doing so now has passed.

The Court has reviewed the pleadings and the plaintiff's motion and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

## I.

Defendant Edward Burton-Scott, through counsel, filed an answer to the amended complaint and a counter-claim. However, on March 18, 2014 his attorneys of record were granted leave to

-2-

withdraw, and since that time he has proceeded *pro se*.  Since he filed his answer and counter-claim, Burton-Scott has not filed any other papers in this matter.  The plaintiff asserts that Burton-Scott did not appear either in person or though counsel for a facilitated mediation session on April 7, 2014, which the Court had ordered all parties to attend.  Because defendant Burton-Scott filed no response to the plaintiff's motion for summary judgment, the facts recited below are taken as stated by the plaintiff, to the extent they accord with the pleadings and the cited portions of the factual record. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

On April 3, 2014, the plaintiff served Burton-Scott with nineteen requests for admissions under Federal Rule of Civil Procedure 36.  Pl.'s Mot. for Summ. J., Ex. H.  The plaintiff requested that Burton-Scott admit, with regard to the July 8, 2012 car accident, and with respect to the definitions of the relevant terms under the Michigan No-Fault Insurance Act and relevant case law, that he (1) did not sustain "accidental bodily injury"; (2) did not receive "products, services, or accommodations" from any medical, service, or transportation provider; (3) did not receive any "products, services, or accommodations" that were reasonable and customary in cost, or reasonably necessary to his care, recovery, or rehabilitation; (4) did not incur any lost wages; (5) will not incur any future lost wages; (6) did not receive any "replacement services"; and (7) did not incur any charges for "allowable expenses."  The plaintiff further requested that Burton-Scott admit that (1) he has not provided the plaintiff with "reasonable proof of the amount and of the fact of loss sustained"; (2) he is not entitled to Personal Injury Protection (PIP) benefits of any sort as a result of the accident; (3) he cannot meet his burden of proof as to any claim for PIP benefits raised in his counter-claim; and (4) the plaintiff has not unreasonably denied or delayed payment to him for any PIP benefits relating to the accident.

-3-

The plaintiff contends that Burton-Scott never answered these requests for admissions, and because he has filed no response or any other papers in this matter that would demonstrate otherwise, the Court must accept that contention. Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney, Fed. R. Civ. P. 36(a)(3), and "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended," Fed. R. Civ. P. 36(b). The plaintiff asserts that it served the requests for admissions on April 3, 2014, and the defendant therefore had until May 6, 2014 to serve his responses. Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 6(d). Because he failed to do so, he is deemed to have admitted each of the facts specified by the plaintiff in its requests. Fed. R. Civ. P. 36(b).

In a supplemental brief, the plaintiff represents that, on May 12, 2014, it received purported responses to the requests for admissions, which it attached as Exhibit A. However, the "responses" were not signed either by Mr. Burton-Scott or by his attorney, and the plaintiff contends that they were delivered in an envelope with the name "Renia Scott," in the return address, and without any other papers or writings that would suggest that the responses were produced by the defendant. The Court finds that there is nothing in the record to suggest that the purported responses exhibited in the plaintiff's supplemental brief either were written or were signed by defendant Edward Burton-Scott, and the Court therefore will not consider them. Fed. R. Civ. P. 36(a)(3).

II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Sixth Circuit has explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b). Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009).

"The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." 576 F.3d at 558. (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Id.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). However, where an unresponsive party admits by default facts that are dispositive of the claims raised in the complaint, summary judgment is appropriate. *Lovejoy v. Owens*, 86 F.3d 1156 (6th Cir. 1996).

"[T]he party opposing the summary judgment motion must do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

-5-

*Corp.*, 475 U.S. 574, 586 (1986)) (internal quotation marks omitted).  A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "Thus, the mere existence of a scintilla of evidence in support of the [opposing party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]."  350 F.3d at 546 (quoting 477 U.S. at 252) (quotations omitted).

Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000).  A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001).  "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000).  An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting 477 U.S. at 248).

Under Michigan's "no-fault automobile insurance act, MCL 500.3101 *et seq.*, insurance companies are required to provide first-party insurance benefits, referred to as personal protection insurance (PIP) benefits, for certain expenses and losses." *Johnson v. Recca*, 492 Mich. 169, 173, 821 N.W.2d 520, 523 (2012).  "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." Mich. Comp. Laws § 500.3105(1).  "PIP benefits are payable

-6-

for four general categories of expenses and losses: survivor's loss, allowable expenses, work loss, and replacement services." *Johnson*, 492 Mich. at 173, 821 N.W.2d at 523. "'Survivor's loss' is defined in MCL 500.3108(1), and 'allowable expenses,' 'work loss,' and replacement services are defined . . . in MCL 500.3107(1)." *Ibid.* In this case, Burton-Scott did not submit any claim for "survivor's loss," but he does seek payment of the other three types of enumerated benefits. In all cases, the burden is on the claimant to prove his eligibility for benefits, and "[w]here a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50, 457 N.W.2d 637, 645 (1990).

"[P]ersonal protection insurance benefits are payable for . . . [a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws § 500.3107(1)(a). "To be reimbursed for an 'allowable expense' under M.C.L. § 500.3107(1)(a), a plaintiff bears the burden of proving that (1) the charge for the service was reasonable, (2) the expense was reasonably necessary and (3) the expense was incurred." *Williams v. AAA Michigan*, 250 Mich. App. 249, 258, 646 N.W.2d 476, 480 (2002).

PIP benefits also are available for any "[w]ork loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured." Mich. Comp. Laws § 500.3107(1)(b). In order to qualify for work loss benefits, the plaintiff must prove that "but for the automobile accident [he] would not have lost

income from work." *Williams v. Detroit Auto. Inter-Ins. Exch.*, 169 Mich. App. 301, 305, 425 N.W.2d 534, 536 (1988).

The claimant also may submit a claim for "replacement expenses," consisting of those "[e]xpenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent."  Mich. Comp. Laws § 500.3107(1)(c).

With regard to the automobile accident that allegedly occurred on July 8, 2012, the Court finds that the following undisputed facts are conclusively established by the record before it:  (1) defendant Edward Burton-Scott did not sustain any accidental bodily injury; (2) he did not receive any products, services, or accommodations from any medical, service, or transportation provider in connection with the accident; (3) he did not receive any products, services, or accommodations that were reasonable and customary in cost, or reasonably necessary to his care, recovery, or rehabilitation; (4) he did not incur any lost wages, and will not incur any future lost wages; (5) he did not receive any replacement services; and (6) he did not incur any charges for allowable expenses relating to any injury from the accident.

Based on these undisputed facts, the plaintiff is entitled to judgment as a matter of law on all of its claims against defendant Burton-Scott and on the defendant's counter-claim, because Mr. Burton-Scott cannot establish that he is entitled to any of the types of benefits that he seeks under the No-Fault Act.  As to his claims for "allowable expenses" for medical treatment, the defendant admitted that he received no treatment, that he did not receive any services that were reasonable and necessary for his care, and that in fact he did not suffer any injury as a result of the accident.  The

-8-

defendant therefore has not established that he incurred any "allowable expenses," and the plaintiff is not obligated pay any such benefits to him or on his behalf.  Mich. Comp. Laws § 500.3107(1)(a); *Williams v. AAA Michigan*, 250 Mich. App. 249, 258, 646 N.W.2d 476, 480 (2002).  As to his claims for lost wages, the defendant admitted that he has not incurred any lost wages and will not incur any lost wages in the future, and because he admitted that he was not injured as a result of the accident, he cannot show that he suffered a disability that caused any alleged loss of income.  He therefore is not entitled to recover any benefits for any lost wages.  Mich. Comp. Laws § 500.3107(1)(b); *Williams v. Detroit Auto. Inter-Ins. Exch.*, 169 Mich. App. 301, 305, 425 N.W.2d 534, 536 (1988). As to his claims for "replacement services," the defendant admitted that did not receive any products, services, or accommodations from any medical, service, or transportation provider in connection with the accident, and that he did not receive any products, services, or accommodations that were reasonable and customary in cost, or reasonably necessary to his care, recovery, or rehabilitation.  He therefore is not entitled to recover any benefits for "replacement expenses." Mich. Comp. Laws § 500.3107(1)(c).  Moreover, Burton-Scott admitted that he did not comply with the obligations imposed on him under the policy, because did not provide the plaintiff with reasonable proof of the amount of or the fact of the losses that he sustained.  Because the defendant is not entitled to Personal Injury Protection (PIP) benefits of any sort as a result of the accident, the defendant necessarily cannot prevail on his counter-claim alleging that the plaintiff unreasonably denied or delayed payment to him for any PIP benefits relating to the accident.

The Court previously denied in part the plaintiff's motions for default judgment against defendants Affiliated Diagnostic, LLC and Auto RX, LLC with respect to charges based on services rendered to Mr. Burton-Scott, because the Court found that although the amended complaint alleged

that there was an "actual controversy" between the parties as to whether the charges incurred by Mr. Burton-Scott were "reasonably necessary," the well pleaded allegations in the amended complaint do not suffice to resolve that controversy.  However, the Court now finds, on the basis of the record before it, that it is conclusively established that the plaintiff has no obligation to pay any charges relating to any treatment provided to Mr. Burton-Scott in connection with the July 8, 2012 accident by any medical provider, including defendants Affiliated and Auto RX.  The Court therefore will enter a declaration to that effect.

### III.

Defendant Edward Burton-Scott has admitted by default ample facts to establish that the plaintiff is entitled to judgment as a matter of law in its favor on the claims raised in the complaint and in his counter-claim.  The Court therefore will grant the plaintiff's motion.

The Court finds that the plaintiff has not shown "that there is no just reason for delay" in entering judgment, and the Court therefore will enter a final judgment when the claims against the last remaining party have been resolved.  Fed. R. Civ. P. 54(b).

Accordingly, it is **ORDERED** that the plaintiff's motion for summary judgment [dkt. #156] is **GRANTED**.

It is further **DECLARED** that in connection with the automobile accident that occurred on July 8, 2012, defendant Edward Burton-Scott did not sustain any accidental bodily injury; did not receive any products, services, or accommodations from any medical, service, or transportation provider in connection with the accident; did not receive any products, services, or accommodations that were reasonable and customary in cost, or reasonably necessary to his care, recovery, or

-10-

rehabilitation; did not incur any lost wages; will not incur any future lost wages; did not receive any replacement services; and did not incur any charges for allowable expenses.

It is further **DECLARED** that defendant Edward Burton-Scott did not provide the plaintiff with reasonable proof of the amount of or the fact of any losses sustained.

It is further **DECLARED** that defendant Edward Burton-Scott is not entitled to Personal Injury Protection (PIP) benefits of any sort as a result of the accident, and the plaintiff did not unreasonably deny or delay payment to him for any PIP benefits relating to the accident.

It is further **DECLARED** that the plaintiff is not obligated to pay any amounts for any claims submitted by defendant Edward Burton-Scott under Policy No. PA967363300 relating to the July 8, 2012 automobile accident.

It is further **DECLARED** that the plaintiff has no duty to pay any charges submitted to the plaintiff by defendants Affiliated Diagnostic, LLC and Auto RX, LLC relating to any treatment or services rendered to defendant Edward Burton-Scott as a result of the July 8, 2012 accident.

It is further **ORDERED** that defendant Edward Burton-Scott's counter-claim against the plaintiff is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 10, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON

---